LEE SMITH v. STATE.

No. A-4156.   Opinion Filed May 14, 1923.
(214 Pac. 943.)

(Syllabus.)

Larceny—Evidence Sustaining Conviction for Stealing Cow. In a prosecution for larceny of a cow, evidence considered, and held sufficient to support the verdict and judgment of conviction.

Appeal from Superior Court, Creek County; Gaylord R. Wilcox, Judge.

Lee Smith was convicted of cattle stealing, and he appeals. Affirmed.

Albertson & Blakemore, for plaintiff in error.

The Attorney General, for the State.

DOYLE, J.   Plaintiff in error, Lee Smith, herein referred to as defendant, was tried and convicted on an information which charged the stealing of a cow from the owner, B. F. Wilkerson, and in accordance with the verdict of the jury was sentenced to serve a term of two years in the penitentiary. From the judgment an appeal was perfected by filing in this court January 5, 1922, a petition in error and case-made.

The assignments of error question the sufficiency of the evidence to sustain the conviction.   After a careful examination, we think the verdict was amply sustained by the evidence, and in support of this conclusion we submit a summary of the evidence.

B. F. Wilkerson testified:

That he was running a truck farm about four miles east of Sapulpa, and was the owner of a cream-colored Jersey cow, without mark or brand except a tag in her ear.   On the morning of the date alleged he milked the cow and turned her on the outside range, then came to Sapulpa with a load of truck. That about half past 11 he saw a Jersey cow coming down the

street, and when she got close enough he asked the man driving the cow: "Where are you going with my cow?" He said: "Is she your cow? I bought this cow and gave $65 for her down here on the Jenks road; but I will turn the cow over to you if you will not give me any trouble, but if you do I will stand you a lawsuit. I will turn her over to you and go back and try to find the man I bought the cow from." That Lee Smith, the defendant, is the man who was driving the cow, and he was riding a gray horse, and had on a big white hat and boots. This happened in Creek county.

Other witnesses testified to seeing the defendant driving the cow along the road towards Sapulpa. The state rested, and the defendant demurred to the testimony, and moved the court to direct a verdict of acquittal, which was overruled, and exception reserved.

As a witness in his own behalf, Lee Smith testified:

"My age is 23 years. On the 18th day of August, last year, I was here in Sapulpa. That morning I had been talking to a friend, and he asked me to come out and see him. I thought I would ride down and eat dinner with him. I left Sapulpa about 8:30 and went out due east on the Jenks road. I met a man in a wagon, and he had a cow tied on behind. He was coming from the south, and he turned east. I asked him about this cow, and told him she was pretty hot. He said, 'She don't lead very well.' I asked him if he would sell her. He said, 'I might.' I asked him the price, and he said, 'Seventy-five dollars.' I said, 'I can't give you that for her, but I will give you $55.' I paid him part of it in paper money and $5 in silver. He turned the cow loose, and got into the wagon, and struck across to the bridge, and I took the cow and started on the same way. The cow turned north and I decided not to drive her to Jenks, she was so hot; so I turned back to Sapulpa. I came right down Jackson street and met this man Wilkerson. He says, 'You have my cow.' I says to him, 'I don't think so, partner; I just bought this cow a while ago.' And I said, 'Well, if it is your cow, I suppose I got the wrong cow then.' And he took hold of the rope and wanted to fight me. I said , 'I am out of money, and I am going back to see

if I can find the man.' Then I thought it wasn't no use; he could turn either south or north, and I never could overtake him.''

The foregoing statement is sufficient to show that the state's evidence, if believed, is amply sufficient to support the verdict of the jury. Where there is substantial evidence to show defendant's guilt of the offense charged against him, this court will not review the same, for the purpose of passing upon the weight and credibility of the witnesses. From a careful examination of the record, we are clearly of the opinion that the appeal in this case is destitute of merit.

The judgment of the superior court of Creek county is accordingly affirmed.

MATSON, P. J., and BESSEY, J., concur.